Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
LINDA RIEDY ROTH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| LINDA RIEDY ROTH,<br><br>Plaintiff,<br><br>v.<br><br>THE LAW OFFICE OF JOHN P. FRYE, P.C., a Virginia corporation; JOHN P. FRYE, in his official capacity; and ATLANTIC CREDIT & FINANCE, INC., a Virginia corporation,<br><br>Defendants. | Case No. _____<br><br>COMPLAINT<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, LINDA RIEDY ROTH (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

## V. PARTIES

6. Plaintiff, LINDA RIEDY ROTH (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), a "debtor" within the meaning of Cal. Civil Code § 1788.2(h), and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

7. Defendant, THE LAW OFFICE OF JOHN P. FRYE, P.C. (hereinafter "LAW OFFICE"), is a Virginia corporation engaged in the business of collecting debts in this state with its

principal place of business located at: 3351 Orange Avenue NE, Roanoke, Virginia 24012-6335. LAW OFFICE may be served as follows: The Law Office of John P. Frye, P.C., c/o John P. Frye, Registered Agent, 7272 Hanover Green Drive, Mechanicsville, Virginia 23111-1706. The principal business of LAW OFFICE is the collection of debts using the mails and telephone, and LAW OFFICE regularly attempts to collect debts alleged to be due another. LAW OFFICE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, JOHN P. FRYE (hereinafter "FRYE"), is a natural person and is or was an employee, agent, officer and/or director of LAW OFFICE at all relevant times. FRYE may be served at his current business address at: John P. Frye, The Law Office of John P. Frye, P.C., 3351 Orange Avenue NE, Roanoke, Virginia 24012-6335, and at his current residence address at: John P. Frye, 9400 Lyndonway Drive, Henrico, Virginia 23229-3913. FRYE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that FRYE is liable for the acts of LAW OFFICE because he sets and approves LAW OFFICE collection policies, practices, procedures and he directed the unlawful activities described herein.

9. Defendant, ATLANTIC CREDIT & FINANCE, INC. (hereinafter "ATLANTIC CREDIT"), is a Virginia corporation engaged in the business of collecting debts in this state with its principal place of business located at: 2727 Franklin Road SW, Roanoke, Virginia 24014-1011. ATLANTIC CREDIT may be served as follows: Atlantic Credit & Finance, Inc., c/o G. Michael Pace, Jr., Registered Agent, 10 Franklin Road SE, Suite 800, Roanoke, Virginia 24011-2133. The principal business of ATLANTIC CREDIT is the collection of debts using the mails and telephone, and ATLANTIC CREDIT regularly attempts to collect debts alleged to be originally due another. ATLANTIC CREDIT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil

1  Code § 1788.2(c). ATLANTIC CREDIT is vicariously liable to Plaintiff for the acts of LAW OFFICE
2  and FRYE.[1]

3      10.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

    11.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by GE Money Bank and bearing the account number XXXX-XXXX-XXXX-1570 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

    12.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise transferred to ATLANTIC CREDIT.

    13.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to LAW OFFICE and FRYE for collection from Plaintiff.

    14.    Defendants knew or should have known that their conduct was directed towards a senior citizen.

    15.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a

---

[1] *See Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") *and Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The collection letter (Exhibit "1") is dated July 30, 2010.

18. The collection letter (Exhibit "1") was the first written communication from Defendant to Plaintiff in connection with the collection of the alleged debt.

19. The collection letter (Exhibit "1") was sent in an envelope on which a postage meter stamp dated July 31, 2010, was imprinted.

20. Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about July 31, 2010.

21. The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope.

22. As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to recover treble damages pursuant to Cal. Civil Code § 3345.

23. Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in envelopes which contain a window through which information printed on the collection letters could be seen by anyone who handled the envelopes as shown by Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

/ / /

/ / /

- 5 -
COMPLAINT

## VII. CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

25. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

26. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

27. Defendant, LAW OFFICE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28. Defendant, FRYE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

29. Defendant, ATLANTIC CREDIT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

31. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants communicated with third parties, in violation of 15 U.S.C. § 1692b;

    b. Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

c. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

d. Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3);

e. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f; and

f. Defendants designed the collection letter (Exhibit "1") to create the false belief in Plaintiff that Defendants, LAW OFFICE and FRYE, are participating in the collection of or in an attempt to collect the alleged debt, when in fact they are not so participating, in violation of 15 U.S.C. § 1692j.

32. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

34. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

35. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

36. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

1788.2(h).

37. Defendant, LAW OFFICE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

38. Defendant, FRYE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39. Defendant, ATLANTIC CREDIT, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

41. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants communicated with third parties, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[2]

    b. Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[3]

    c. Defendants' publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[4]

    d. Defendants published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[5]

---

[2] 15 U.S.C. § 1692b.
[3] 15 U.S.C. § 1692c(b).
[4] 15 U.S.C. § 1692d.
[5] 15 U.S.C. § 1692d(3).

- 8 -
COMPLAINT

  e. Defendants' publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[6] and

  f. Defendants designed the collection letter (Exhibit "1") to create the false belief in Plaintiff that Defendants, LAW OFFICE and FRYE, are participating in the collection of or in an attempt to collect the alleged debt, when in fact they are not so participating, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17.[7]

42. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

43. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

44. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[8]

45. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

46. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

---

[6] 15 U.S.C. § 1692f.
[7] 15 U.S.C. § 1692j.
[8] 15 U.S.C.§ 1692k(a)(2)(A).
[9] 15 U.S.C.§ 1692k(a)(3).

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(3), 1692f and 1692j;

c) Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(d) and 1788.17;

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[10]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c);

h) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

i) Award Plaintiff such other and further relief as may be just and proper.

///

///

///

///

///

---

[10] 15 U.S.C. § 1692k(a)(2)(A).
[11] 15 U.S.C. § 1692k(a)(3).

```
 1                                          CONSUMER LAW CENTER, INC.
 2
 3                                          By: /s/ Fred W. Schwinn
                                            Fred W. Schwinn (SBN 225575)
 4                                          CONSUMER LAW CENTER, INC.
                                            12 South First Street, Suite 1014
 5                                          San Jose, California 95113-2418
                                            Telephone Number: (408) 294-6100
 6                                          Facsimile Number: (408) 294-6190
 7                                          Email Address: fred.schwinn@sjconsumerlaw.com
 8                                          Attorney for Plaintiff
                                            LINDA RIEDY ROTH
 9
10
```

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LINDA RIEDY ROTH, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

The Law Office of John P. Frye
PO Box 11767
Roanoke, VA 24022-1767

1016670

Return Service Requested

## The Law Office of
## JOHN P. FRYE, P.C.
PO Box 13665 • Roanoke, Virginia 24036-3665
Toll Free: 866-763-5100
Fax: 540-767-7807


000882  AC2TA211
LINDA ROTH
2 DRIFTWOOD TRL
HALF MOON BAY, CA 94019-2349

July 30, 2010

| | | | |
|---|---|---|---|
| Original Creditor: | GE MONEY BANK | Acct #: | 6008895334041570 |
| | JC PENNEY CONSUMER | JPF Acct #: | 1016670 |
| Client: | Atlantic Credit & Finance, Inc. | Balance: | $1,001.21 |

Dear Mr/Ms Linda Roth:

Please allow this letter to serve as an introduction to Atlantic Credit & Finance, Inc. (ACF). ACF has purchased the account (the "Account") referenced above and it has been placed with The Law Office of John P. Frye, P.C. for collection. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Our records reflect you are obligated on the Account. The Account currently is in default. Accordingly, ACF as owner and holder of the Account, is entitled to be paid the entire balance due. The current balance on the Account is $1,001.21. All payments on the Account should be sent to the address above along with the attached coupon.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. If you are represented by an attorney in regard to this debt, please refer this letter to your attorney for a response. Likewise, if you are in an active bankruptcy case, or this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney for a response.

To discuss this debt, please call our Inbound Collection Department, toll free at 866-763-5100, between 12:00 P.M. and 9:00 P.M. EST Monday through Wednesday, 8:30 A.M. and 5:30 P.M. EST on Thursdays and 9:00 A.M. to 5:00 P.M. EST on Fridays.

Sincerely Yours,
The Law Office of John P. Frye, P.C.

Office Hours: Office Hours: 8:30 A.M. - 9:00 P.M., Monday - Wednesday; 8:30 A.M. - 5:30 P.M., Thursday; 9:00 A.M. - 5:00 P.M. Friday (EST)

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**NOTICE: Please See the Reverse Side....**

---

▲ Detach Here ▲   **DETACH HERE AND ENCLOSE THIS PORTION ALONG WITH PAYMENT**   ▲ Detach Here ▲
Make check or money order payable to The Law Office of John P. Frye

1016670
LINDA ROTH
2 DRIFTWOOD TRL
HALF MOON BAY, CA 94019-2349

July 30, 2010

WE ACCEPT M/C AND VISA
☐ [MasterCard]   ☐ VISA

Account Number: _____
Expiration Date: _____
Amount To Be Applied to Card: $ _____
Cardholder Signature: (Print Name Below Line)

Original Creditor ▶ GE MONEY BANK
Acct # ▶ 6008895334041570
JPF Acct # ▶ 1016670
Balance ▶ $1,001.21
Amount Enclosed ▶

THE LAW OFFICE OF JOHN P. FRYE
PO BOX 13665
ROANOKE, VA 24036-3665

**EXHIBIT 1**

8001

We are required to provide the following information under state law. This is not a complete list of your rights by state. If you do not reside in one of these states, you may still have the same or similar rights under federal or state law.

**California Residents:** The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work, when they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Colorado Residents:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Massachusetts Residents:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

Roanoke, VA 24022-1767
1016670
Return Service Requested

000862 AC2TA211
LINDA ROTH
2 DRIFTWOOD TRL
HALF MOON BAY, CA 94019-2349

July 30, 2010

Original Creditor: GE MONEY BANK

74912739 92 GLXJN51 94019

PRESORTED
FIRST CLASS



US POSTAGE $00.335
JUL 31 2010
ZIP 26269
0005571
21 6951986